IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 11, 2006

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-047 |
| v. | GRAND JURY ORIGINAL |
| | VIOLATIONS: |
| MARIYANA FELIKSOVA LOZANOVA, a/k/a "Gentiane La France," a/k/a "Naomi Elizabeth De Bont," | 18 U.S.C. § 371 (Conspiracy) |
| | 18 U.S.C. § 1343 (Wire Fraud) |
| Defendant. | 18 U.S.C. § 1956(h) & 1957 (Money Laundering Conspiracy) |
| | 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) (Forfeiture) |
| | 18 U.S.C. § 982 (Forfeiture) |

FRIEDMAN, J. PLF

**INDICTMENT**

THE GRAND JURY CHARGES:

FILED IN OPEN COURT

MAR 0 1 2007

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

At all times material to this Indictment:

**COUNT ONE**
(Conspiracy)

**INTRODUCTION**

1.      Defendant MARIYANA FELIKSOVA LOZANOVA, a/k/a "Gentiane La France," a/k/a "Naomi Elizabeth De Bont," was a citizen of the Republic of Bulgaria, and resided in Bulgaria and the Republic of Hungary. At no time was defendant LOZANOVA a resident of the United States of America.

2.      eBay, Inc. ("eBay") was an Internet-based company which operated a commercial interactive online auction and shopping service. When a seller and a buyer contacted each other through eBay's service, the finalization of the transaction, including payment for and delivery of the merchandise, was to be arranged by the buyer and seller. eBay had its headquarters in San Jose, California. It operated from the Internet site of "www.ebay.com," and transacted business throughout the United States and the world. eBay had no affiliation with an entity known as "eBay Secure Trader."

### THE CONSPIRACY

3.      From at least in or about February 2006, and continuing through at least in or about April 2006, in multiple districts throughout the United States, in the Republic of Hungary, in the Slovak Republic (Slovakia), and elsewhere, and pursuant to 18 U.S.C. § 3238, within the venue of this Court, the defendant,

**MARIYANA FELIKSOVA LOZANOVA,**
a/k/a "Gentiane La France,"
a/k/a "Naomi Elizabeth De Bont,

and others known and unknown to the grand jury, did knowingly and willfully combine, conspire, confederate and agree with each other to commit an offense against the United States, to wit: wire fraud, that is, having devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme and artifice, in violation of 18 U.S.C. § 1343.

## MANNER AND MEANS

4. Among the manner and means by which defendant LOZANOVA, and others both known and unknown to the grand jury, accomplished, and attempted to accomplish, the objectives of the conspiracy included, but are not limited to, the following:

5. Defendant LOZANOVA and others created false and fraudulent identification documents for LOZANOVA, including a Canadian passport and international driver's license in the name of "Gentiane La France," and a United Kingdom passport in the name of "Naomi Elizabeth De Bont." Each of these false and fraudulent identification documents displayed an authentic photograph of LOZANOVA.

6. Defendant LOZANOVA and others presented the aforementioned false identification documents to open bank accounts in Hungary and Slovakia, and to conduct monetary transactions, in the names of "Gentiane La France" and "Naomi Elizabeth De Bont."

7. Defendant LOZANOVA and others, through the use of a computer and Internet access, offered merchandise for sale on eBay, including expensive vehicles and boats. LOZANOVA and others posted representations on eBay which provided the names of the purported sellers, along with photographs and detailed descriptions of the vehicles and boats.

8. Defendant LOZANOVA and others caused emails to be transmitted in interstate and foreign commerce, to and from unwitting eBay shoppers in the United States, who were interested in buying the posted vehicles and boats. The emails from LOZANOVA and others represented that they were from actual sellers, made

representations concerning the quality of the merchandise, and provided assurances to the buyer regarding payment and delivery.

9. Defendant LOZANOVA and others caused invoices for the vehicles and boats to be transmitted in interstate and foreign commerce via emails from a company identified as "eBay Secure Trader," to the intended buyers in the United States. The invoices instructed the buyers to wire transfer payments to one of LOZANOVA'S bank accounts described above in Paragraph 6 of this Indictment. The invoices also represented that, to protect the security of the transaction, the wired payments would remain in the specified account, and would not be released to the seller until the buyer had received and inspected the merchandise.

10. Defendant LOZANOVA and others caused buyers to wire transfer payments from a bank in the United States to one or more of the bank accounts LOZANOVA had opened in the names of "Gentiane La France" and "Naomi Elizabeth De Bont" in Hungary and Slovakia.

11. Defendant LOZANOVA and others caused buyers in the United States to transmit interstate and foreign emails and faxes to eBay Secure Trader to confirm payment and to obtain the buyers' wire transfer information.

12. Defendant LOZANOVA and others exchanged cellular telephone calls and text messages between and among themselves to provide timely notice of a buyer's wire transfer of funds into one of the "Gentiane La France" and "Naomi Elizabeth De Bont" bank accounts in Hungary and Slovakia.

13. Defendant LOZANOVA presented false identification to withdraw cash from the "Gentiane La France" and "Naomi Elizabeth De Bont" bank accounts shortly

after the buyers' wired payments were deposited, and immediately distributed the cash proceeds among the other participants in the scheme.

14.   Defendant LOZANOVA and others failed to deliver any of the vehicles and boats to the intended buyers in the United States, and kept the wired payments for the personal enrichment of themselves and other participants in the scheme.

15.   Defendant LOZANOVA and others further concealed the existence of their conspiracy and took steps designed to prevent the disclosure of their activities.

### OVERT ACTS

16.   In furtherance of the conspiracy, and to effect the objects thereof, the defendant LOZANOVA, and others known and unknown to the grand jury, committed and caused to be committed, the following overt acts, among others:

#### False Identification Documents

**1 through 3.**   In or about at least February 2006, defendant LOZANOVA and others caused the following false and fraudulent identification documents to be fabricated for LOZANOVA:

| Overt Act | Document |
| --- | --- |
| 1 | Canadian passport (No. ▮▮▮▮) in the name of "Gentiane La France;" |
| 2 | International Driver's License (No. ▮▮▮▮▮▮▮▮) in the name of "Gentiane La France;" and |
| 3 | United Kingdom passport (No. ▮▮▮▮) in the name of "Naomi Elizabeth De Bont." |

**Bank Accounts**

**4 through 7.** On or about February 22, 2006, defendant LOZANOVA presented a false and fraudulent Canadian passport, further described above in Overt Act 1, to open the following bank accounts in Slovakia, in the name of "Gentiane La France":

| **Overt Act** | **Account** |
|---|---|
| 4 | Istrobanka, Account No. ▆▆▆▆▆▆▆ in Bratislava, Slovakia. |
| 5 | OTP Banka Slovensko, Account No. ▆▆▆▆▆▆▆, in Bratislava, Slovakia. |
| 6 | Vseobecna úverová banka (VUB), Account No. ▆▆▆▆▆▆▆ in Bratislava, Slovakia; and |
| 7 | Dexia Banka, Account No. ▆▆▆▆▆▆▆ in Zilina, Slovakia |

**8 and 9.** In or about at least early-March, 2006, defendant LOZANOVA presented a false and fraudulent Canadian passport, further described above in Overt Act 1, to open the following bank accounts in Hungary, in the name of "Gentiane La France":

| **Overt Act** | **Account** |
|---|---|
| 8 | K & H Bank, Account No. ▆▆▆▆▆▆▆ Budapest, Hungary. |
| 9 | OTP Bank, Account No. ▆▆▆▆▆▆▆ Budapest, Hungary. |

10.   In or about at least early-March, 2006, defendant LOZANOVA presented a false and fraudulent United Kingdom passport, further described above in Overt Act 3, to open the following bank account in Hungary, in the name of "Naomi Elizabeth De Bont":

### Account

Magyarorszagi Volksbank Rt, Account No. ███████████████████

Budapest, Hungary.

### eBay Postings

**11 through 18.**   In or about early-March, 2006, defendant LOZANOVA and others caused the vehicles and boats described below, among others, to be posted for sale on the eBay Internet site:

| Overt Act | Item | Price (USD) |
|---|---|---|
| 11 | 2003 BMW Z8 Roadster | $46,000 |
| 12 | 2003 BMW M5 | $22,000 |
| 13 | Volkswagen Touareg V10 TDI | $27,000 |
| 14 | 2002 Baja H2X Boss Boat | $19,000 |
| 15 | 2004 Tige 22V Boat | $19,000 |
| 16 | 2004 VW Touareg V10 TDI | $26,000 |
| 17 | 2006 BMW M5 | $50,000 |
| 18 | 2005 Aston Martin DB9 Coupe | $60,000 |

**Invoices**

**19 through 29.** On or about the dates indicated, defendant LOZANOVA and others caused the invoices described below, among others, to be transmitted in interstate and foreign commerce, via emails from a company identified as "eBay Secure Trader," to the intended buyers in the United States. Each invoice instructed the buyer to wire transfer payment to one of LOZANOVA'S bank accounts described above in Overt Acts 4 through 10. Each invoice also represented that the wired payments would remain in the specified account, and would not be released until the buyer had received and inspected the merchandise.

| Overt Act | Invoice Date | Merchandise | Buyer/State | Price (USD) |
|---|---|---|---|---|
| 19 | 3/7/06 | 2004 Jeep Grand Cherokee | J.B./WI | $15,000 |
| 20 | 3/14/06 | Volkswagen Touareg V10 TDI | D.W./GA | $27,000 |
| 21 | 3/14/06 | 2004 Tige 22V Boat | B.E./ID | $19,000 |
| 22 | 3/16/06 | 2003 BMW Z8 Roadster | G.J./SC | $46,000 |
| 23 | 3/16/06 | 2002 Baja H2X Boss Boat | D.H./ME | $17,000 |
| 24 | 3/20/06 | 2003 BMW M5 | G.J./SC | $22,000 |
| 25 | 3/20/06 | 2004 VW Touareg V10 TDI | T.B./MI | $26,000 |
| 26 | 3/23/06 | 2006 BMW M5 | K.V./LA | $50,000 |
| 27 | 3/27/06 | 2005 BMW M3 Convertible | G.J./SC | $29,000 |
| 28 | 3/27/06 | 2006 BMW 650i Sport | G.J./SC | $45,000 |
| 29 | 4/11/06 | 2005 Aston Martin DB9 Coupe | K.V./LA | $60,000 |

**Wire Transfers**

**30 through 40.** On or about the dates indicated, defendant LOZANOVA and others caused buyers to wire transfer the following payments, among others, from the United States:

| **Overt Act** | **Date** | **From** (Buyer/ State) | **To** (Account Name/Bank) | **Amount** (USD) |
|---|---|---|---|---|
| **30** | 3/9/06 | J.B./WI | Gentiane La France, Istrobanka, Account No. [redacted] in Bratislava, Slovakia. | $15,000 |
| **31** | 3/14/06 | D.W./GA | Gentiane La France, VUB, Account No [redacted] Bratislava, Slovakia. | $27,000 |
| **32** | 3/14/06 | B.E./ID | Gentiane La France, OTP Banka Slovensko, Account No. [redacted] Bratislava, Slovakia. | $19,000 |
| **33** | 3/16/06 | G.J./SC | Gentiane La France, VUB, Account No [redacted] Bratislava, Slovakia. | $46,000 |
| **34** | 3/20/06 | D.H./ME | Gentiane La France, OTP Banka Slovensko, Account No. [redacted] Bratislava, Slovakia. | $17,000 |
| **35** | 3/21/06 | G.J./SC | Gentiane La France, VUB, Account No [redacted] Bratislava, Slovakia. | $22,000 |
| **36** | 3/22/06 | T.B./MI | Gentiane La France, Dexia Banka, Account No. [redacted] in Zilina, Slovakia | $26,000 |
| **37** | 3/24/06 | K.V./LA | Gentiane La France, K & H Bank, Account No. [redacted] Budapest, Hungary. | $50,000 |

| Overt Act | Date | From (Buyer/State) | To (Account Name/Bank) | Amount (USD) |
|---|---|---|---|---|
| 38 | 3/30/06 | G.J./SC | Gentiane La France, OTP Bank, Account No. ███████, Budapest, Hungary. | $29,000 |
| 39 | 3/30/06 | G.J./SC | Gentiane La France, OTP Bank, Account No. ███████, Budapest, Hungary. | $45,000 |
| 40 | 4/4/06 | D.R./AL | Naomi Elizabeth De Bont, Magyarorszagi Volksbank Rt, Account No. ███████ Budapest, Hungary. | $19,973 |

### Cash Withdrawals

**41 through 45.** On or about the dates indicated, defendant LOZANOVA and others made the following cash withdrawals, among others, of payments that had been wire transferred from the United States:

| Overt Act | Date (Approx.) | From (Account Name/Bank) | Amount (Approx. USD) |
|---|---|---|---|
| 41 | 3/14/06 | Gentiane La France, Istrobanka, Account No. ███ in Bratislava, Slovakia. | $21,508 |
| 42 | 3/17/06 | Gentiane La France, VUB, Account No ███ Bratislava, Slovakia. | $28,260 |
| 43 | 3/20/06 | Gentiane La France, VUB, Account No ███ Bratislava, Slovakia. | $48,985 |

| Overt Act | Date (Approx.) | From (Account Name/Bank) | Amount (Approx. USD) |
|---|---|---|---|
| 44 | 3/21/06 | Gentiane La France, VUB, Account No. ███████ Bratislava, Slovakia. | $23,645 |
| 45 | 3/30/06 | Gentiane La France, K & H Bank, Account No. ███████ Budapest, Hungary. | $49,988 |

All in violation of 18 U.S.C. §§ 371 and 1343.

## COUNT TWO
### (Money Laundering Conspiracy)

1.	The allegations contained in the Paragraphs 1, 2, and 4 through 16 of Count One of this Indictment are incorporated herein by reference as if set forth in full.

2.	From at least in or about February 2006, and continuing through at least in or about April 2006, in multiple districts throughout the United States, in the Republic of Hungary, in the Slovak Republic, and elsewhere, and pursuant to 18 U.S.C. § 3238, within the venue of this Court, the defendant,

**MARIYANA FELIKSOVA LOZANOVA,**
a/k/a "Gentiane La France,"
a/k/a "Naomi Elizabeth De Bont,

and others known and unknown to the grand jury, did knowingly and willfully combine, conspire, confederate and agree with each other to commit an offense against the United States, to wit: money laundering, in violation of 18 U.S.C. § 1957, that is, to knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 (USD) and was derived from specified unlawful activity, that is, wire fraud (18 U.S.C. § 1343).

### MANNER AND MEANS

3.	Among the manner and means by which defendant LOZANOVA, and others both known and unknown to the grand jury, accomplished, and attempted to accomplish, the objectives of the money laundering conspiracy included, but are not limited to, those previously described above in Paragraphs 5 through 16 of Count One of this Indictment, and incorporated by reference herein.

## MONETARY TRANSACTIONS

4. Defendant LOZANOVA, and others both known and unknown to the grand jury, agreed to engage, and attempt to engage in the following monetary transactions, among others, namely, cash withdrawals of criminal proceeds wired from the United States:

|  | Date (Approx.) | From (Account Name/Bank) | Amount (Approx. USD) |
|---|---|---|---|
| (a) | 3/14/06 | Gentiane La France, Istrobanka, Account No. ███, in Bratislava, Slovakia. | $21,508 |
| (b) | 3/17/06 | Gentiane La France, VUB, Account No ███, Bratislava, Slovakia. | $28,260 |
| (c) | 3/20/06 | Gentiane La France, VUB, Account No ███, Bratislava, Slovakia. | $48,985 |
| (d) | 3/21/06 | Gentiane La France, VUB, Account No ███, Bratislava, Slovakia. | $23,645 |
| (e) | 3/30/06 | Gentiane La France, K & H Bank, Account No. ███, Budapest, Hungary. | $49,988 |

All in violation of 18 U.S.C. § 1956(h).

## FORFEITURE ALLEGATION ONE
### (Wire Fraud Conspiracy)

1.  The allegations contained in Count One of this Indictment are incorporated herein by reference as if set forth in full for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7)(A), and 1961(1)(B), and 28 U.S.C. § 2461(c).

2.  Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

**MARIYANA FELIKSOVA LOZANOVA,**
a/k/a "Gentiane La France,"
a/k/a "Naomi Elizabeth De Bont,

shall forfeit to the United States of America any property, real and personal, which constitutes and is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, and a conspiracy to commit such an offense. Such property includes a sum of money equal to $300,000 in United States currency.

3.  In the event any property subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7)(A), and 1961(1)(B), and 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant LOZANOVA up to the value of the forfeitable property described above.

All pursuant to 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7)(A), and 1961(1)(B), and 28 U.S.C. § 2461(c), and 21 U.S.C. §853(p).

## FORFEITURE ALLEGATION TWO
### (Money Laundering)

1. The allegations contained in Count Two of this Indictment are incorporated herein by reference as if set forth in full for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 982.

2. From at least in or about February 2006, and continuing through at least in or about April 2006, in multiple districts throughout the United States, in the Republic of Hungary, in the Slovak Republic, and elsewhere, the defendant,

**MARIYANA FELIKSOVA LOZANOVA,**
**a/k/a "Gentiane La France,"**
**a/k/a "Naomi Elizabeth De Bont,**

and others known and unknown to the grand jury, violated 18 U.S.C. §§ 1956(h) as alleged in Count Two.

3. Upon conviction of violating 18 U.S.C. § 1956(h), as alleged in Count Two, defendant LOZANOVA shall forfeit to the United States the entirety of the defendant's interest in all property, real and personal, involved in the violation, and any property traceable to such property.

4. The property subject to forfeiture includes, but is not limited to, United States currency and its equivalent, in at least the approximate amount of $300,000, and all proceeds traceable to such sums, which defendant LOZANOVA obtained directly and indirectly as the result of the violation described in Count Two.

5. In the event any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(2) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant LOZANOVA up to the value of the forfeitable property described above.

  All pursuant to 18 U.S.C. § §1956 and 982.

                A TRUE BILL.

                _____
                FOREPERSON

_____
BRUCE G. OHR, Chief
Organized Crime & Racketeering Section
Criminal Division
U.S. Department of Justice
Washington, D.C.

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____
   Deputy Clerk